NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001639
27-MAY-2015
08:40 AM

NO. CAAP-13-0001639

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

BRIAN L. STANTON, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPP. NO. 11-1-0044 (CR. NO. 08-1-1801))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)

Petitioner-Appellant Brian L. Stanton (Stanton) appeals from the "Amended Findings of Fact, Conclusions of Law and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (Amended Order Denying Petition), which was filed in the Circuit Court of the First Circuit (Circuit Court)[1] on May 23, 2013. We affirm.

I.

In his underlying criminal case, Stanton was convicted of attempted first-degree sexual assault of the Complainant, who was a prostitute. Stanton was sentenced to an indeterminate twenty-year term of imprisonment. Stanton filed a direct appeal of his conviction and sentence. This court affirmed Stanton's conviction and sentence, State v. Stanton, No. 29971, 2010 WL

---

[1] The Honorable Randal K.O. Lee presided.

5146281 (Hawai'i App. Dec. 20, 2010) (SDO), and the Hawai'i Supreme Court rejected Stanton's application for writ of certiorari. State v. Stanton, No. SCWC-29971, 2011 WL 2132310 (Hawai'i May 26, 2011).

On August 8, 2011, Stanton filed a petition for post-conviction relief pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006) ("Petition), which is at issue in this appeal. The Petition asserted claims, including claims of ineffective assistance of trial counsel. On April 13, 2011, the Circuit Court denied the Petition (First Order Denying Petition). In the First Order Denying Petition, the Circuit Court did not rule on the merits of Stanton's claims of ineffective assistance of trial counsel, but instead denied these claims on the ground that Stanton had waived them by not previously raising them.

Stanton appealed from the Circuit Court's First Order Denying Petition. In that appeal, we vacated in part and affirmed in part the Circuit Court's First Order Denying Petition. We held that the Circuit Court erred in denying Stanton's claims of ineffective assistance of trial counsel based on the ground of waiver. Stanton v. State, No. CAAP-12-0000468, 2013 WL 764782, *2-3 (Hawai'i App. Feb. 28, 2013). We remanded the case so that the Circuit Court could determine on the merits Stanton's claims that his trial counsel provided ineffective assistance by:

> (1) failing to object to portions of Detective Sato's testimony regarding prostitution practices as improper opinion testimony; (2) failing to rebut the Complainant's testimony by referring to trial and other evidence that was inconsistent with Complainant's version of the sexual assault and her injuries; and (3) failing to introduce evidence of Complainant's prior bad acts that would have cast doubt on her credibility.

Id. at *4.

II.

On remand, the Circuit Court considered the merits of these claims. Based upon its review of the record, the Circuit Court ruled that Stanton had failed to state a colorable claim of

2

ineffective assistance of trial counsel and denied Stanton's remanded claims without a hearing. The Circuit Court issued its Amended Order Denying Petition, which contained extensive findings of fact and conclusions of law in support of its decision.

The Circuit Court concluded that Stanton's claims of ineffective assistance of trial counsel did not raise a colorable claim for the following reasons:

1. With respect to the failure to object to Detective Sato's opinion testimony, the Circuit Court concluded that: (a) an objection by trial counsel would have been futile because the prosecution had laid a proper foundation for Detective Sato's opinion testimony; and (b) there was a strategic basis for trial counsel's failure to object because Detective Sato's opinion testimony potentially benefitted the defense.

2. With respect to the failure to rebut the Complainant's testimony with evidence that was inconsistent with her version of the sexual assault and her injuries, the Circuit Court concluded that Stanton's claim was speculative and that he failed to demonstrate that there was any evidence in existence and available to rebut the Complainant's testimony, that his trial counsel was aware of any such evidence, or that the failure to use any such evidence substantially impaired a meritorious defense.

3. With respect to the failure to introduce the Complainant's prior bad acts that would have cast doubt on her credibility, the Circuit Court concluded that Stanton failed to show that any such prior bad acts existed or would have been admissible at trial.

III.

On appeal, Stanton argues that the Circuit Court erred in denying his remanded claims of ineffective assistance of trial counsel without a hearing. We conclude that Stanton's appeal is without merit.

To prevail on a claim of ineffective assistance of counsel, a defendant bears the burden of establishing: "1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." State v. Richie, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998) (block quote format and citation omitted).

An HRPP Rule 40 petition may be denied without a hearing if the petition fails to present a colorable claim. Dan v. State, 76 Haw. 423, 427, 879 P.2d 528, 532 (1994).

> To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true. Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing.

Id. (block quote format and citation omitted).

Stanton fails to provide any persuasive argument to support his contention that the Circuit Court erred in denying his claims of ineffective assistance of trial counsel without a hearing. We conclude that Stanton did not present colorable claims of ineffective assistance of trial counsel and that the Circuit Court did not err in denying his claims without a hearing. Accordingly, we affirm the Amended Order Denying Petition.

DATED: Honolulu, Hawai'i, May 27, 2015.

On the briefs:
Brian L. Stanton
Petitioner-Appellant Pro Se

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

4